IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Joseph Walker, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 8:19-cv-1519-TMC |
| v. ) | |
| ) | **ORDER** |
| Warden of Perry Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner is a state prisoner, proceeding *pro se*, who seeks relief under 28 U.S.C. § 2254. Petitioner filed this Petition for writ of habeas corpus on May 24, 2019. (ECF No. 1). On October 22, 2019, Respondent filed a motion for summary judgment along with an accompanying return and memorandum. (ECF Nos. 24, 25). Petitioner filed a Response in Opposition to Respondent's motion (ECF No. 32) as well as a supplemental response (ECF No. 36). Respondent filed a reply. (ECF No. 37). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), which recommends that the Respondent's Motion for Summary Judgment be granted and that the Petition be denied. (ECF No. 38). Petitioner was notified of his right to file objections to the Report. (ECF No. 38-1). Petitioner timely filed objections. (ECF No. 43). The matter is now ripe for review.

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter

1

with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a pro se litigant, [the court] must also be mindful of [its] responsibility to construe pro se filings liberally"). This does not mean, however, that the court can ignore the Plaintiff's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'").

## I. BACKGROUND/PROCEDURAL HISTORY

The magistrate judge set forth a detailed account of the facts in her Report. (ECF No. 38 at 2–5). Petitioner went to trial in state court on April 1, 2013 for the charge of attempted murder.[1]

---

[1] At the time of the trial, Petitioner had several other pending charges in Greenville County including pointing and presenting a firearm at a person; manufacture, distribution, etc. of cocaine base, third offense; distribution, sale, purchase, and/or manufacture of crack cocaine or possession with intent to distribute near a school; manufacture, distribution, etc. of cocaine base, third offense; distribution, sale, purchase, and/or manufacture of crack cocaine or possession with intent to distribute near school; murder; possession of a weapon during a violent crime; manufacture, distribution, etc. of cocaine base, third offense; distribution, sale, purchase, and/or manufacture of crack cocaine or

2

(ECF Nos. 1 at 1; 24-7 at 302; 32 at 1–2). At the trial and sentencing proceedings, Petitioner was represented by attorney Christopher Lance Sheek (hereinafter "trial counsel"). (ECF No. 1 at 13). After a two-day trial, the jury convicted Petitioner of the charge, and South Carolina Circuit Judge C. Victor Pyle sentenced Petitioner to life imprisonment without the possibility of parole. (ECF No. 32 at 2); *see also* (ECF No. 1 at 1).

Petitioner directly appealed his conviction and sentence to the South Carolina Court of Appeals. (ECF No. 24-2). The Court of Appeals dismissed Petitioner's appeal (ECF No. 24-5), and remittitur was issued on May 26, 2015 (ECF No. 24-6). Petitioner applied for Post-Conviction Relief ("PCR") on July 1, 2015, asserting ineffective assistance of counsel for (1) failing to obtain a forensics expert to examine the path of the bullets; (2) failing to renew his motion for a directed verdict after the presentation of all evidence; and (3) for having conflicting interests. (ECF No. 24-7 at 250–51). After the State filed a Return to Petitioner's PCR Application, Petitioner filed a "Notice of Motion to Amend Application for Post-Conviction Relief," and an "Amendment to the Original PCR Application," reiterating his previous claims and further alleging ineffective assistance of counsel for (1) failure to advise him of his sentencing enhancements; (2) failing to inform him of a written plea agreement; (3) failing to object to "the false or misleading testimony submitted by the [S]tate"; (4) failing to interview and investigate the State's witnesses, including the victim; (5) giving Petitioner advice not to testify; (6) not objecting to testimony that related to his bad character or "social irresponsibility"; (7) failing to object to the court's jury instructions and failing to request a charge on criminal intent; and (8) failing to cross examine the victim with his prior criminal convictions. (ECF No. 24-7 at 261–77).

---

possession with intent to distribute near a school; and intimidation of court officials, jurors or witnesses. *See* (ECF No. 24-7 at 384); *see also* https://www2.greenvillecounty.org/SCJD/PublicIndex/PISearch.aspx.

On December 9, 2016, Attorney R. Mills Ariail, Jr. ("PCR counsel") represented Petitioner at the evidentiary hearing regarding his PCR Petition before Circuit Judge John C. Hayes, III. *See* (ECF No. 24-7 at 299–383). Judge Hayes denied Petitioner's PCR application by written order on December 26, 2016. (ECF No. 24-7 at 389–396). Petitioner appealed the denial of his PCR application. (ECF No. 24-8). Appellate Defender Lara Caudy perfected the appeal by filing a Petition pursuant to *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988) asserting the following issue:

> Did trial counsel's failure to communicate a plea offer to Petitioner violate Petitioner's Sixth and Fourteenth Amendment rights to the effective assistance of counsel when Petitioner would have accepted the offer had counsel made him aware of the offer before trial and where Petitioner was unquestionably prejudiced because he was sentenced to life without parole after he was convicted at trial?

(ECF No. 24-9). Petitioner filed a *pro se* letter on his behalf in the appeal and raised the following issues regarding ineffective assistance of counsel: (1) improperly "vouching" for a state witness; (2) failing to object to the prosecutor's closing argument; (3) failing to object to the jury instructions regarding criminal intent; and (4) failing to object to the implied malice jury instruction. (ECF No. 24-10). On October 30, 2017, the South Carolina Supreme Court transferred jurisdiction of Petitioner's PCR case to the South Carolina Court of Appeals. (ECF No. 24-11). On December 20, 2018, the South Carolina Court of Appeals denied the *Johnson* Petition for Writ of Certiorari. (ECF No. 9-14). Remittitur was issued on January 9, 2019. (ECF No. 24-13).

Petitioner filed the instant habeas petition on May 24, 2019, alleging (1) that trial counsel was ineffective in failing to communicate a plea offer to Petitioner; (2) that trial counsel was ineffective in failing to object to the court's jury instruction regarding criminal intent; and (3) that trial counsel was ineffective in failing to object to the prosecutor's closing argument. (ECF No. 1). On October 22, 2019, Respondent filed a Motion for Summary Judgment. (ECF No. 25). Petitioner responded on January 2, 2020, (ECF No. 32), and filed a supplemental response that same day

4

(ECF No. 36). Respondent replied on January 9, 2020. (ECF No. 37). The magistrate judge entered her Report on March 4, 2020, recommending the undersigned grant the Respondent's Motion for Summary Judgment (ECF No. 25) and deny the Petition (ECF No. 1). (ECF No. 38). Petitioner filed objections to the Report (ECF No. 43). Accordingly, the matter is now ripe for review.

## II. DISCUSSION

In her Report, the magistrate judge recommends that the undersigned grant Respondent's Motion for Summary Judgment and deny the Petition. (ECF No. 38). Petitioner filed objections to the Report. (ECF No. 43). The vast majority of Petitioner's objections are nonresponsive to the Report and simply reiterate the claims and facts that were already considered by the magistrate judge. However, the court gleans that Petitioner objects (1) to the magistrate judge not considering claims that were raised for the first time in this court in his response to the motion for summary judgment; (2) to the magistrate judge's determination that the PSR court was objectively reasonable in believing trial counsel over Petitioner in regards to the communication of a plea offer; (3) that the magistrate judge mistakenly said he was charged with murder and not attempted murder, which Petitioner asserts impacted her decision regarding the allegedly erroneous jury charges on criminal intent and implied malice; (4) that the magistrate judge's determination on the facts regarding intent are contrary to federal law; (5) that the magistrate judge erred in determining that the closing argument and substance of the eyewitness testimony was proper. (ECF No. 43).

As an initial matter, Petitioner has specifically objected to the magistrate judge not considering claims that he raised in response to the Government's motion for summary judgment that he did not originally include in his Petition.[2] (ECF No. 43 at 4). It is well settled that a party

---

[2] In his objections, Petitioner raises, for what appears to be the first time in this court, an argument regarding mutual combat or self-defense, asserting that the jury could have found that he was legally provoked into shooting at the victim. *See* (ECF No. 43 at 12–13). However, this claim was not set forth in the original Petition and is, therefore, not properly before the court.

5

is "generally not permitted to raise a new claim in response to a motion for summary judgment[.]" *White v. Roche Biomedical Labs., Inc.*, 807 F. Supp. 1212, 1216 (D.S.C. 1992) (citations omitted). The court has thoroughly combed the Petition and finds no reference to Petitioner's newly asserted grounds that the trial court erred in limiting cross examination of a State witness or that the trial court erroneously denied his motion for a directed verdict. In fact, the first time Petitioner raised these claims before this court was in his second response to the motion for summary judgment. (ECF No. 36). Accordingly, these claims are not properly before the court, and the court overrules the objections and declines to address them. *See, e.g.*, *Temple v. Oconee Cty. et al.,* No. 6:13-144-JFA-KFM, 2014 WL 4417702 at *13 (D.S.C. Sept. 8, 2014) (stating that new claims that were not raised in the complaint cannot be raised in response to a motion for summary judgment); *Sykes v. Williams*, No. 0:10-cv-972-RMG, 2011 3471410, 2011 WL 3471410 at *4 (D.S.C. Aug. 8, 2011) (citing *Bridgeport Music, Inc. v. WM Music Corp.*, 508 F.3d 394, 400 (6th Cir. 2007)) (same); *White*, 807 F. Supp. at 1216 (same).

As for the merits of the claims properly before the court, the magistrate judge correctly noted, under 28 U.S.C. § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the state court proceedings unless the adjudication of the claim –
>
> (1) Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

"[T]o grant [a] habeas petition, [the court] must conclude that the state court's adjudication of [the petitioner's] claims was not only incorrect, but that it was objectively unreasonable." *McHone v.*

*Polk*, 392 F.3d 691, 719 (4th Cir. 2004). Additionally, the factual findings of the state court are entitled to deference and are "presumed to be correct" unless Petitioner rebuts that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

To establish a Sixth Amendment violation for ineffective assistance of counsel, a petitioner must show both that his counsel's representation "fell below an objective standard of reasonableness," and that such representation caused him to suffer prejudice. *Strickland v. Washington*, 466 U.S. 668, 688–92. To establish that he or she has suffered such prejudice, a petitioner must show that there was a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

The Petition asserts three grounds for relief: (1) that trial counsel was ineffective for failing to communicate a plea offer; (2) that trial counsel was ineffective for failing to object to the trial court's jury instructions regarding implied malice and the lack of an instruction on general criminal intent; and (3) that trial counsel was ineffective for failing to object to the State's closing arguments. *See* (ECF No. 1). As to ground one, Petitioner argues that his trial counsel never informed him of a plea offer and claims that had he known of a plea offer, he would have accepted it and not gone to trial. (ECF No. 1 at 5). The magistrate judge determined that Petitioner had failed to offer any evidence showing that the PCR court's conclusion was based on unreasonable factual findings or an unreasonable application of federal law. (ECF No. 38 at 19). Petitioner objects to this finding and argues that the PCR court was unreasonable in believing trial counsel over Petitioner regarding the communication of the plea offer. (ECF No. 43 at 8–9). Specifically, Petitioner argues that any credibility issues were resolved at the hearing because he presented evidence at the hearing. *Id*.

It is well-settled that, in this circuit, the federal habeas court "must be 'especially' deferential to the state PCR court's findings on witness credibility" and "will not overturn the court's credibility judgments unless its error is 'stark and clear'." *Elmore v. Ozmint*, 661 F.3d 783, 850 (4th Cir. 2011) (citations omitted). Here, the PCR court noted that the "proper measure of performance is whether the attorney provided representation within the range of competence required in criminal cases." (ECF No. 24-7 at 390) (citing *Strickland*, 466 U.S. at 690)). The PCR court further explained that to be entitled to relief, the Petitioner need show both that counsel was deficient and that such deficient performance prejudiced the Petitioner such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[3] *Id.* at 391 (citations omitted).

In holding that trial counsel was not ineffective in "transmitting and discussing with [Petitioner] the sentences he was facing and the State's trial offers," the PCR court noted that Petitioner had "testified very inconsistently" regarding whether he had been informed of any possible plea deal.[4] (ECF No. 24-7 at 392). However, trial counsel testified consistently that he "did discuss the State's plea offer both before and after [Petitioner] was noticed as to his facing LWOP." *Id.* Based on the testimony, the PCR court found that trial counsel was not ineffective. *Id.*

---

[3] "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado,* 541 U.S. 652, 664 (2004)). Throughout his objections, Petitioner contends that he is entitled to relief *because* "Petitioner believes that fairminded jurist[s] could disagree on the correctness of the state court's decision." (ECF No. 43 at 5, 14). While he misapprehends the result of such an assertion, his assertion ultimately reveals that Petitioner agrees with the magistrate judge's interpretation on the law and that he is barred from any federal relief. However, because of Petitioner's *pro se* status, the court will address the remaining specific objections in turn.

[4] The PCR court also noted that Petitioner testified inconsistently regarding whether he was ever informed that he was facing life without parole ("LWOP"). (ECF No. 24-7 at 392). However, in this court, Petitioner has not raised a claim for ineffective assistance of counsel for failure to communicate LWOP status. *See* (ECF No. 1).

The court notes that at the PCR hearing, Petitioner testified that he had never been given a plea offer but, after trial, learned that he had been supposedly offered twenty years if he had pled guilty. *Id.* at 310. Petitioner alleges that he would have pled guilty to the attempted murder charge pursuant to that deal. *Id.* Petitioner testified that he understood that, without a deal, if he was convicted of the attempted murder charge, he was facing mandatory LWOP. *Id.* at 315–16. He further argued that his attorney had told him that the State would not consider a plea deal, *id.* at 339, but that during the trial, he, his attorney, and his attorney's son sat down and watched videos of drug transactions that were the subject of numerous other charges against Petitioner and discussed those charges in conjunction with the one for which he was currently on trial. *See* (ECF No. 399).

In support of his claim, Petitioner provided the PCR court with a copy of a letter dated June 7, 2012 from Assistant Solicitor Mark Moyer that was addressed to trial counsel. *Id.* at 384–85. That letter stated "[i]f we are going to be able to work out a guilty plea for all of these charges, we need to do so by the date indicated" and listed eleven charges for which the State would consider a deal. *Id.* Nowhere in that letter was there a specific offer of time to be served in relation to those charges. *See id.*

As to this issue, trial counsel testified that he had received the letter from Mark Moyer and had discussed it with Petitioner. *Id.* at 343. However, trial counsel noted that there was no time offer in that letter. *Id.* He stated that he had discussed with Petitioner the possibility of a plea and had asked Petitioner what time computation he was comfortable offering to try to get a deal. *Id.* Trial counsel further testified that he and Petitioner did talk while the jury was out and that, at the time, the State was offering a thirty-year sentence if Petitioner would plead to the list of charges. He stated that he explained to Petitioner that if he refused the plea deal and was convicted at trial,

9

he was facing LWOP. *Id.* He further testified that he explained that even if Petitioner won at trial, other pending charges in that list also carried the possibility of a LWOP sentence. *Id.* at 359.

After reviewing the record in its entirety, the court finds that Petitioner has failed to set forth any evidence of "stark and clear error" in the PCR court's credibility determination regarding the alleged plea offer. The PCR court noted that Petitioner's testimony was inconsistent, and, for that reason, gave credence to trial counsel's testimony. *Id.* at 392. The court finds that this determination was reasonable. Beyond simply calling the PCR court's findings "unreasonable," (ECF No. 36 at 9), Petitioner has failed to identify any specific reason to warrant disturbing the PCR court's credibility findings. Furthermore, the Petitioner has failed to show either that the PCR court's conclusion was based on unreasonable factual findings or an unreasonable application of clearly established federal law. Accordingly, the court overrules Petitioner's objections as to Ground one.

As to Ground two, Petitioner argues that his counsel should have objected to the implied malice jury instruction and that his counsel should have requested a jury charge on general criminal intent. (ECF No. 1 at 7). The magistrate judge found that the PCR court was not unreasonable in "finding no deficiency and no resulting prejudice" as to these claims. (ECF No. 38 at 20). The magistrate judge further noted that the trial court's jury instructions "properly informed the jury as to what intent was required for Petitioner to be found guilty." *Id*. In his objections, Petitioner asserts that the magistrate judge mistakenly said he was charged with murder and not attempted murder, (ECF No. 43 at 9), which Petitioner asserts impacted her decision regarding the allegedly erroneous jury charges on criminal intent and implied malice (ECF No. 43 at 9–16). He further contends that the magistrate judge's determination on the facts regarding intent are contrary to federal law. *Id.*

10

Nowhere in the Report did the magistrate judge contend that Petitioner was charged with murder instead of attempted murder. Instead, she noted that "the trial court instructed the jury that to be guilty of attempted murder, 'there must have been a specific intent to commit a particular crime, in this case, murder.'" (ECF No. 38 at 20). Accordingly, Petitioner's objection that the magistrate judge mistakenly misidentified his crime is overruled.

As to Petitioner's contention that the magistrate judge erred in applying federal law, the court finds this objection to be without merit. Petitioner argues that there "was no specific intent to be found in Petitioner's case" and that "the jury could have found Petitioner only had a 'general intent' to kill instead of the higher mens rea of specific intent to kill." (ECF No. 43 at 13). Accordingly, Petitioner argues the trial judge erred in not instructing the jury on general intent. *Id*. The court notes that throughout Petitioner's objections, he correctly asserted that South Carolina recognizes attempted murder as a specific intent crime. (ECF No. 43 at 11) (citing *State v. King*, 412 S.C. 403, 409, 772 S.E.2d 189, 192 (2015)). Therefore, the court agrees with the magistrate judge that an additional instruction on general intent, which was inapplicable to the charge of attempted murder, would have been improper and would have the potential to confuse the jury as to the requisite mental state required for conviction. *See McKnight v. State*, 661 S.E.2d 354, 361–62 (S.C. 2008).

Petitioner further argues that both the specific intent instruction and the implied malice instruction were confusing because there was "no evidence the Petitioner unlawfully shot and wounded" the victim or that the victim died "within a year a day after any wounds were inflicted." (ECF No. 43 at 11). Essentially, Petitioner contends that because the victim did not suffer any physical injuries, the instructions, and his conviction, were faulty. *See id.* at 11–16. However, Petitioner was charged and convicted with *attempted* murder, not murder. Under South Carolina

11

law, attempted murder is defined as when a person, "with intent to kill, attempts to kill another person with malice aforethought, either express or implied." S.C. Code Ann. § 16-3-29. The trial court defined this for the jury and explained the difference between express and implied malice. (ECF No. 24-1 at 237–40). The trial reiterated that Petitioner was innocent until proven guilty and that the State held the burden of proof as to each and every element of the offense beyond a reasonable doubt. *Id.* at 241. The PCR court found that Petitioner had failed to show that his counsel was ineffective for failing to object to these instructions[5] and that counsel's representation was "reasonable under prevailing professional norms." *See* (ECF No. 24-7 at 394–95. The court finds that Petitioner has failed to provide any evidence that the PCR court's determination was an unreasonable application of federal law or an unreasonable interpretation of the facts before it. Accordingly, Petitioner's objections as to the criminal intent charge are overruled.[6]

Finally, as to Ground three, Petitioner asserts that his trial counsel was ineffective for failing to object to the State's closing argument because it invoked the passions and prejudices of the jury. (ECF No. 1 at 8). The magistrate judge recognized that "Petitioner's arguments reveal that he disagrees with trial counsel's strategic decision not to object during the State's closing arguments, but he fails to identify how the PCR court either made unreasonable factual findings or unreasonably applied federal law as established by the Supreme Court." (ECF No. 38 at 22). Accordingly, the magistrate judge determined Petitioner had "failed to identify any reason to

---

[5] Furthermore, as Respondent noted in its Return, "[A] state court's interpretation of state law . . . binds a federal court sitting in habeas corpus." (ECF No. 24 at 14) (quoting *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005)). The PCR court's determination as to the propriety of the jury instructions fundamentally boils down to an interpretation of state law. Accordingly, the court is bound by that interpretation.

[6] The court recognizes that in 2019, the Supreme Court of South Carolina held that courts are no longer permitted to instruct the jury that "malice may be inferred from the defendant's use of a deadly weapon." *State v. Burdette*, 832 S.E.2d 575, 582–83 (S.C. 2019). Notably, the trial court's jury instruction in this case does not appear to run afoul of *Burdette*. However, even if the implied malice instruction at trial was improper under the new law set forth in *Burdette*, the Supreme Court specifically held that the *Burdette* ruling only applied to cases that were not yet final or were on direct review. *Id.* at 583. The Supreme Court specifically held that the "ruling [would] not apply to convictions challenged on post-conviction relief." *Id.* Therefore, the *Burdette* ruling has no bearing on the case before this court.

disturb the PCR Court's denial and dismissal" based on Ground three. *Id*. at 23. In his objections, Petitioner claims that the magistrate judge erred in determining that the closing argument was proper.[7] (ECF No. 43). The magistrate judge specifically noted that "Petitioner's arguments reveal that he disagrees with trial counsel's strategic decision not to object during the State's closing arguments, but he fails to identify how the PCR court either made unreasonable factual findings or unreasonably applied federal law as established by the Supreme Court." (ECF No. 38 at 22). The undersigned agrees. At the PCR hearing, trial counsel testified that he had made a strategic decision not to object to the closing argument because he felt that objecting only highlights the issue for the jury. (ECF No. 24-7 at 349). The PCR court determined that trial counsel's strategic decisions fell within the range of reasonable conduct, noting that "[w]here counsel articulates valid reasons for employing a certain strategy, such conduct will not be deemed ineffective assistance of counsel." *Id.* at 395 (citations omitted). Absent making blanket statements of disagreement with counsel's strategy, Petitioner has failed to identify any alleged error by the PCR court in finding trial counsel's strategy to be reasonable under the law. Accordingly, this objection is overruled.

In reviewing the entire record, the undersigned finds that the PCR court conducted a thorough review of the facts and that the PCR court's determination was reasonable in light of the record. The PCR court addressed trial counsel's performance under the appropriate standards set forth in Supreme Court precedent. *See* (ECF No. 24-7 at 390–95). Specifically, the PCR court defined the *Strickland* standard for ineffective assistance of counsel and ultimately determined that counsel's performance was "well within the range of competency required in criminal cases and was reasonable under prevailing professional norms." *Id*. at 395. As the magistrate judge noted,

---

[7] Petitioner also notes in his objection as to ground three that he objects to the magistrate judge's determination that the topic of eye witness testimony was proper. However, the magistrate judge specifically did not reach this issue because it was one of the issues raised for the first time in response to the motion for summary judgment. Accordingly, the court overrules the objection.

this court is tasked with deciding whether the PCR court's application of *Strickland* was reasonable, not with determining whether this court would find counsel's performance deficient under *Strickland*. Because the PCR court correctly identified the governing rules set forth in *Strickland* and applied them reasonably to the particular facts in Petitioner's case, this court overrules Petitioner's objections in their entirety.[8]

### III. CONCLUSION

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court adopts the Report (ECF No. 38), which is incorporated herein by reference. Accordingly, the Respondent's Motion for Summary Judgment (ECF No. 25) is **GRANTED**. Thus, Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED.**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
November 16, 2020

---

[8] To the extent Petitioner objects to the magistrate judge refusing to hold an evidentiary hearing on this matter, the court overrules the objection. Petitioner was afforded a full evidentiary hearing at the state level concerning the issues that are presently before this court. This court has reviewed the entire record, including that transcript, in reaching its decision. Furthermore, as the magistrate judge pointed out, 28 U.S.C. § 2254 prohibits evidentiary hearings where a petitioner has failed to set forth a factual basis of a claim in state court proceedings except in limited circumstances as set forth in § 2254(e)(2). *See* (ECF No. 38 at 23). Petitioner has failed to demonstrate a need for an evidentiary hearing before this court under that standard, and, as such, an evidentiary hearing was not warranted.